**Marie N. JACKSON, Appellant,**

v.

**CHUBB CORPORATION; Chubb & Son, Inc.; Federal Insurance Company; Pat Hurley; Michael Marinaro; George Fay; Doris Johnson; Malcolm**

Burton; Jeff King; Kim Hogrefe; Brian Kirstiansen; Susan Gaffney; Ed Ellis; Jim Gardner; John Degnan; Ed Spell; Sylvester Green; Ron Goldstein; Aaron Goldstein.

No. 01–2133.

United States Court of Appeals, Third Circuit.

Submitted June 5, 2002.

Decided June 7, 2002.

Before SCIRICA, BARRY, and WEIS, Circuit Judges.

## OPINION OF THE COURT

BARRY, Circuit Judge.

On September 15, 1998, Marie Jackson filed suit against Chubb Corporation, Chubb & Son, Inc., a division of Federal Insurance Company, and 16 individual employees, alleging race, gender, and age discrimination in the workplace.[1]  After a

---

1. Jackson brought suit under myriad provisions of federal, New Jersey, and New York law, including: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII");  the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981");  the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA");  the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA");  the Thirteenth and Fourteenth Amendments of the United States Constitution;  the New York Human Rights Law, N.Y. Exec. Law § 290, *et seq.* (McKinney 2000) ("NYHRL");  and the New Jersey Law Against

series of motions and rulings thereon by the District Court, the defendants ultimately prevailed. Jackson appeals, challenging: (1) an order filed on August 16, 1999 that dismissed the Chubb Corporation as a named defendant; (2) the portion of an order filed on September 5, 2000 that dismissed Jackson's NJLAD claims on statute of limitations grounds; (3) an order filed on December 5, 2000 that affirmed the order of the Magistrate Judge denying Jackson's motions for additional discovery; and (4) the portion of an order filed on March 21, 2001 that, following the Court's lengthy and altogether thorough opinion, granted summary judgment in favor of the defendants on her remaining NJLAD claims.[2] After careful consideration, we conclude that Jackson's claims are wholly unavailing and we will affirm the District Court. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we need not recite them here.

▬ Jackson first argues that the District Court erroneously dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), all but a few of her NJLAD claims on statute of limitation grounds.[3] She asserts that a six-year and not a two-year statute of limi-

tations applies to all of the dismissed claims. The Supreme Court of New Jersey has clearly held, however, that a two-year statute of limitations applies to all claims under the NJLAD in which the "operative facts" arose after July 27, 1993. *Montells v. Haynes*, 133 N.J. 282, 298, 627 A.2d 654 (1993). We agree with the District Court that all of the "operative facts arose in and after 1994 and, therefore, the two-year statute of limitations applies" to Jackson's dismissed claims.[4] App. at 48. In the alternative, Jackson argues that the statute of limitations should have been tolled because "no single specific event in [a] continuous pattern of violations placed [her] on notice." Appellant's Br. at 22. Because Jackson's claims arose from discrete employment actions, and because it is clear from Jackson's complaint that she believed that she was being discriminated against at the time of these actions, we find that the continuing violation theory does not apply here.[5] *Bolinger v. Bell Atlantic*, 330 N.J.Super. 300, 308–09, 749 A.2d 857 (App.Div.2000); *accord Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 483 (3d Cir.1997); *Bullington v. United States Air Lines, Inc.*, 186 F.3d 1301, 1311 (10th Cir.1999).

Discrimination, N.J.S.A. 10:5–1, *et seq.* ("NJLAD"). Jackson also asserted claims for wrongful discharge, breach of contract, promissory estoppel, fraudulent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, negligent supervision, violation of the doctrine of respondeat superior, acts of conspiracy, and breach of contract.

2. Jackson does not challenge numerous other decisions of the District Court—many of which were part of the orders she challenges. All grounds of appeal related to those unchallenged decisions—whether within or without the challenged orders—are waived on appeal. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993); *see also Kirschbaum v. WRGSB Assoc.*, 243 F.3d 145, 151 n. 1 (3d Cir.2001); *F.D.I.C. v. Deglau*, 207 F.3d 153, 169 (3d Cir.2000).

3. "We exercise plenary review over the District Court's dismissal under Fed.R.Civ.P. 12(b)(6)." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir.2001).

4. Consequently, *Ali v. Rutgers* does not change the result here. 166 N.J. 280, 287, 765 A.2d 714 (2000) (holding that a six-year statute of limitations applies in cases where the operative facts arose both *before* and after July 27, 1993).

5. Jackson makes a "hostile work environment" claim for the first time on appeal. Because she failed to raise this claim below, however, it is waived on appeal. Even if the claim were not waived, Jackson fails to cite to evidence that would support it.

■ Jackson next argues that the District Court erred in granting summary judgment for the defendants on her remaining NJLAD claims.[6] The burden-shifting framework adopted for Title VII cases as originally set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is the same framework utilized in NJLAD cases. *Peper v. Princeton Univ. Bd. of Trustees*, 77 N.J. 55, 82, 389 A.2d 465 (1978). Where an employee has established a prima facie case of discrimination, the employer-must articulate a legitimate, non-discriminatory reason for the employment action, after which the burden shifts back to the employee to show pretext. *St. Mary's Honor Ctr. V. Hicks*, 509 U.S. 502, 507–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Clowes v. Terminix Int'l, Inc.*, 109 N.J. 575, 596, 538 A.2d 794 (1988). Assuming, without deciding, that Jackson established a prima facie case, and that the defendants articulated non-discriminatory reasons for their actions, we find that Jackson failed to show pretext and, accordingly, her claim fails.

Jackson also argues that the District Court erred when it affirmed the Magistrate Judge's denial of her motions seeking additional discovery.[7] Jackson failed, however, to appeal the order of the Magistrate Judge in a timely manner. Federal Rule of Civil Procedure Rule 72(a) states, in relevant part, that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." Jackson filed an objection seven days after the deadline and never moved for an extension pursuant to Federal Rule of Civil Procedure 6. Consequently, she waived her right to claim error as to this issue.[8]

■ Finally, Jackson argues that the District Court erred when it dismissed the Chubb Corporation as a defendant. The District Court found that the Chubb Corporation was not a proper party to the suit because it was a separate and distinct entity from its subsidiary, Chubb & Son, Inc., which was Jackson's actual employer. The Court also found that there were no grounds for allowing Jackson to pierce the corporate veil as to the Chubb Corporation. Because we have found that the subsidiary, Chubb & Son, Inc., is not liable, it follows that its parent company, Chubb Corporation, cannot be held liable. Thus, this claim is moot.

We will affirm the orders of the District Court.

---

6. "This Court's review of the District Court's grant of summary judgment is plenary, and the record is judged by the same standard district courts use." *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir.2000). It is well-settled that we must view the evidence in the light most favorable to the non-moving party. *Hancock Industries v. Schaeffer*, 811 F.2d 225, 231 (3d Cir.1987).

7. "We review the District Court's order affirming the magistrate judge's decision denying discovery . . . under an abuse of discretion standard." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir.1999). The District Court may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

8. In any event, we do not find that the District Court abused its discretion when it found that the orders of the Magistrate Judge denying additional discovery were not clearly erroneous or contrary to law.